IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SOMERSET APARTMENTS, LTD., | ) | |
| | ) | CASE NO. BK04-84197 |
| Debtor(s). | ) | A05-8019 |
| FRANK KERKHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| SOMERSET APARTMENTS, INC., | ) | |
| a Nebraska corporation; SOMERSET | ) | |
| APTS., LTD., a Nebraska limited partnership; | ) | |
| THE PORTICO LIMITED PARTNERSHIP, a | ) | |
| Nebraska limited partnership; and CACTUS | ) | |
| FAMILY INVESTMENTS, L.L.C., an Arizona | ) | |
| limited liability company, a/k/a CACTUS | ) | |
| FAMILY INVESTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff's motion for partial summary judgment (Fil. #11) and resistance by Somerset Apartments, Ltd. (Fil. #44). Howard Duncan represents the debtor-defendant, and Frank Schepers represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

This case was originally filed in the District Court of Douglas County, Nebraska, to remove Somerset Apartments, Inc., as the general partner of Somerset Apartments, Ltd. ("the partnership"), temporarily restrain the defendants from operating the partnership, appoint a receiver to dissolve and liquidate the partnership, and obtain a judgment against Somerset Apartments, Inc., for alleged preferential transfers and conversion. When the partnership's bankruptcy case was filed in late 2004, the lawsuit was removed to this court. The plaintiff, who is a member of the partnership, has now filed a motion for partial summary judgment to force the dissolution of the debtor, the appointment of a receiver, and the entry of a temporary injunction to restrain Somerset Apartments, Inc., from operating the partnership. The plaintiff asserts that the Somerset corporate entity has failed to maintain accurate books and records, has refused to allow plaintiff to inspect the books, and has mismanaged the business and engaged in self-dealing by diverting partnership assets and making preferential distributions to partners other than plaintiff.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

The partnership was originally created in 1991. An amended agreement was entered into and the partnership was certified as a limited partnership under Nebraska law in 1993. The plaintiff obtained his partnership interest in 1996. The partnership was formed to own and operate its sole significant asset, an apartment complex in Lincoln, Nebraska. The Somerset corporate entity is the general partner of the partnership and manages the partnership's business operations. There are three limited partners, one of which is owned by family members of the corporate entity's president. Throughout 2002 and 2003, the plaintiff alleges that the partnership distributed significant amounts of cash to the Somerset corporate entity, to Somerset Apartments, Inc.'s president Gene Wilczewski, and to the limited partner controlled by members of the Wilczewski family, but not in accordance with their ownership interests and to the detriment of the plaintiff. The plaintiff also alleges that he and his representatives have sought financial records from Somerset Apartments, Inc., but have not received as much information as they have requested, and what they have received is inadequate.

In its defense, the Somerset corporate entity asserts that between 1995 and 1999, another individual was a limited partner and the president of Somerset Apartments, Inc., and controlled the business operations. In 1999, the then-president Richard Kerns and entities owned by him transferred their ownership interests in the Somerset limited partnership to Portico Limited Partnership, the limited partner owned by the Wilczewski family. Portico then became operating manager of the Somerset limited partnership. Mr. Wilczewski says he became aware that some obligations of Somerset Apartments, Ltd., had not been properly accounted for and were not reflected in the partnership's books, records, or tax returns. He notified the accountants of this in early 2001. He further indicates in his declaration that the partnership made periodic payments from surplus cash on those debts that had not been appropriately reflected in the financial records. Moreover, these distributions were characterized as "owner distributions" when made. The partnership admits that its books and records were not accurate but states that accountants are working to correct them. Mr. Wilczewski also says that the plaintiff Mr. Kerkhoff has received the same financial information made available to all of the limited partners.

The debtor's proposed third amended plan (Fil. #123), which is currently under advisement, provides for the payment of plaintiff's claim, in an amount to be determined in this adversary proceeding, in full at the rate of $2,000 per month beginning in the 39th month of the plan. The debtor argues in its objection to the present summary judgment motion that the plaintiff should be trying to work within the confirmation process rather than trying to have the partnership dissolved and liquidated.

Among the plaintiff's allegations concerning the need for dissolution is the debtor's alleged breach of its fiduciary duty to the limited partners. This requires evidence of misconduct. While the plaintiff asserts that making allegedly unauthorized cash distributions and failing to keep accurate books and records constitutes misconduct, that is an issue that cannot be decided on summary judgment. All of the arguments raised by the parties on this motion demonstrate factual issues which will require a trial and which preclude the entry of summary judgment.

Finally, to the extent the plaintiff is seeking appointment of a receiver, he may file the appropriate motion under 11 U.S.C. § 1104 for appointment of a trustee.

IT IS ORDERED the plaintiff's motion for partial summary judgment (Fil. #11) is denied.

DATED:    June 12, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   Howard Duncan
   *Frank Schepers
   U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.